Bermeo Guasco v. Blanche

BIA
Reid, IJ
A240 629 209/210

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty-six.

PRESENT:
　　　　JOHN M. WALKER, JR.,
　　　　GERARD E. LYNCH,
　　　　MICHAEL H. PARK,
　　　　　　*Circuit Judges.*

_____

CLAUDIA VERONICA BERMEO GUASCO,
E.D.C.B.,
　　　　*Petitioners,*

　　　　v.                                                     23-7825
                                                              NAC

TODD BLANCHE, ACTING UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.**

_____

* The Clerk of Court is respectfully directed to amend the caption as reflected above.

**FOR PETITIONERS:** Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Timothy Bo Stanton, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Claudia Veronica Bermeo Guasco and her minor child, natives and citizens of Ecuador, seek review of an October 25, 2023 decision of the BIA adopting and affirming a June 5, 2023 decision of an Immigration Judge ("IJ" and, together with the "BIA," the "agency") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Claudia Veronica Bermeo Guasco*, Nos. A 240 629 209/210 (B.I.A. Oct. 25, 2023), *aff'g* Nos. A 240 629 209/210 (Immigr. Ct. N.Y.C. June 5, 2023). Petitioners' claims for relief were based on their Indigenous race. We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] E.D.C.B.'s application for relief was derivative to their mother's application. Accordingly, we alternate between describing the claims before us as Petitioners' claims or as Bermeo Guasco's claims.

Because the BIA adopted the decision of the IJ, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review "the entirety of the agency's conclusions—both the underlying factual findings and the application of the [Immigration and Nationality Act] to those findings—for substantial evidence" and pure questions of law *de novo*. *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 849 n.1, 851 (2026). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

On review, "[w]e consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (per curiam) (quotation marks omitted). "[T]he argument" in an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A).

## I. Asylum and Withholding of Removal

Petitioners' brief misstates the facts and legal grounds for the agency's decision to deny them asylum and withholding of removal and fails to otherwise challenge the agency's dispositive findings as to those claims. The agency denied

Bermeo Guasco's application for asylum and withholding of removal after determining that the bullying and discrimination Bermeo Guasco endured in Ecuador did not rise to the level of persecution. On appeal, Bermeo Guasco does not argue that the agency failed to properly apply relevant caselaw to the facts of this case in coming to this determination. Instead, she advances arguments based on an incorrect standard of review, *see* Petitioners' Brief at 8–9 (arguing that the standard of review for withholding of removal is less stringent than that for asylum), and fails to otherwise support her conclusory assertion that she is eligible for relief, *id*. at 7 (stating, for the first time and without support, that her "family was savagely beaten multiple times"). Accordingly, we find that Petitioners have abandoned their claims for asylum and withholding of removal because they fail to adequately challenge the bases for the agency's decision as to these claims. *See Debique*, 58 F.4th at 684.

**II. CAT Relief**

We find that Petitioners have also abandoned their claim for relief under the CAT by failing to make arguments supported by the record or the law. *See Debique*, 58 F.4th at 684–85 (requiring petitioner to "state the issue *and* advance an argument") (emphasis in original). The agency denied Petitioners' CAT claim after finding that Bermeo Guasco did not experience past torture or establish a

4

likelihood of future torture. Bermeo Guasco argues on appeal that, to state a CAT claim, she need only show that the Ecuadorian government is "unwilling or unable to assist" her, not—as the agency required—that the government would condone, or acquiesce to, her future torture. *See* Petitioners' Brief at 11. That is wrong. *See Quintanilla Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (explaining that an applicant seeking CAT relief bears the burden of proving a likelihood of future torture by, or with the acquiescence of, the government); *see also* 8 C.F.R §§ 1208.18(a)(1) (defining torture as a specific type of severe harm "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity"), (a)(7) (defining "[a]cquiescence of a public official" as "requir[ing] that the public official, prior to the activity constituting torture, have awareness of such activity" and clarifying that "[s]uch awareness requires a finding of either actual knowledge or willful blindness"). Accordingly, we find that Petitioners have also abandoned their CAT claim.

**III.    Grievance Panel**

In addition to abandonment of dispositive issues, we note the following problems with the brief filed by Petitioners' counsel, Michael Borja.

First, as described above, the brief generally does not support its factual

assertions or cite to relevant legal authority. *See* Fed. R. App. P. 28(a)(8)(A) (requiring an appellant's brief to contain arguments "with citations to the authorities and parts of the record on which the appellant relies"). Indeed, some of the brief's assertions of fact seem to be contradicted by the record. *Compare, e.g.,* Petitioners' Brief at 7 (referencing "savage beatings" experienced by "this family"), *with* Certified Administrative Record at 86 (conceding that Bermeo Guasco did not experience "any physical harm" due to the alleged persecution).

Second, counsel incorrectly states the grounds for the agency's decision. *Compare* Petitioners' Brief at 8–9 (stating that the agency deemed Petitioners' asylum claim abandoned because Petitioners failed to "timely provid[e] all evidence"), *with* Certified Administrative Record (IJ Decision) at 32–40 (discussing Petitioners' asylum claim but not mentioning timeliness of evidence).

Third, as described above, counsel contends that the nexus requirement for withholding of removal is less stringent than the nexus requirement for asylum, but, as we have pointed out in Mr. Borja's prior cases, that argument is foreclosed by *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). *See, e.g., Guarchaj-Guachiac v. Blanche*, No. 24-128, 2026 WL 1210065, at *2 (2d Cir. May 1, 2026) (summary order); *Aucacama-Azogue v. Bondi*, No. 23-7165, 2025 WL 2078445, at *3 (2d Cir. July 24, 2025) (summary order).

Fourth, counsel erroneously argues that, to state a CAT claim, Petitioners had to establish only that the Ecuadorian government was unwilling or unable to assist them, not—as the agency required—that the government would acquiesce to Petitioners' future torture. As noted above, the CAT regulations require government involvement or acquiescence. *See* 8 C.F.R. §§ 1208.18(a)(1), (7). We have rejected this unsupported argument in multiple other cases briefed by Mr. Borja. *See, e.g.*, *Sinchi-Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at *2 (2d Cir. Nov. 6, 2024) (summary order); *Valverde Lopez v. Bondi*, No. 23-7233, 2025 WL 1466575, at *2 (2d Cir. May 22, 2025) (summary order). The case Mr. Borja relies on, *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020), does not address standards for CAT claims.

* * *

Given the defects in briefing by Petitioners' counsel, Michael Borja, a copy of this order will be forwarded to the Grievance Panel.[2] As outlined above,

---

[2] Petitioners may consider moving the BIA to reopen removal proceedings based on Mr. Borja's ineffective assistance of counsel. We express no opinion as to whether this case would warrant equitable tolling of the deadline for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen to be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can . . . afford [a non-citizen] additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar."). Nor do we express any opinion as to whether, if the BIA reopens proceedings, Petitioners have potentially successful claims for asylum, withholding of removal, or

7

Mr. Borja's brief abandons dispositive issues, provides insufficient citations for its legal arguments, and otherwise misrepresents the factual record. *See* Fed. R. App. P. 28(a)(8)(A).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

protection under the CAT.

Parties seeking equitable tolling, meaning additional time beyond the 90-day period to file a motion to reopen, must show that (1) counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing, and (2) they have exercised due diligence in pursuing their claims. *See Rashid*, 533 F.3d at 130–31.